**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | |
|---|---|
| BRENDA FAITH CAMPBELL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:09-cv-04041-NKL |
| ) | |
| MIDLAND FUNDING INC., et. al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**O R D E R**

Pending before the Court is Defendant Trans Union, LLC's Motion to Strike New Claim [Doc. # 61]. For the reasons stated below, the Court denies this motion.

**I.  Factual Background**

This dispute involves two separate lawsuits filed by Plaintiff Campbell. In the first suit, Plaintiff filed a Complaint under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* ("FCRA"), against Trans Union and two other credit reporting agencies. In that suit, Plaintiff alleged Defendant Trans Union negligently and willfully violated the FCRA and that those violations resulted in the mixture of Plaintiff Campbell's credit file with the credit record of a "Brenda Faye Campbell" from Willard, Missouri (Case No. 08-4217-CV-C-NKL, hereinafter "*Campbell I*").

In the second suit, Plaintiff filed the present action against Midland Funding, LLC, Midland Credit Management Inc., Kramer & Frank, and Brenda Faye Campbell (hereinafter,

1

"*Campbell II*"). In *Campbell II*, Plaintiff also alleges violations of the FCRA as well as violations of the Fair Debt Collection Practices Act, Malicious Prosecution, Defamation, Invasion of Privacy, and Conversion.

Plaintiff Campbell's Complaint from the first suit alleged Defendant Trans Union negligently and willfully violated the FCRA. *Campbell I,* Doc. # 1. Specifically, the Complaint asserted Defendant Trans Union violated the FCRA by failing to implement reasonable procedures to ensure the accuracy of Plaintiff's consumer information and by failing to adequately reinvestigate her disputed credit information. *Id.* at ¶¶ 132-160; *see also* 15 U.S.C. §§ 1681i(a), 1681e(b). Subsequently, the Court permitted Plaintiff Campbell to amend her *Campbell II* complaint to add Defendant Trans Union as a party to *Campbell II*. When Plaintiff amended the *Campbell II* Complaint, she not only added Trans Union as a party, she also added six new allegations against Defendant Trans Union. *See Campbell II*, Doc. # 53, ¶¶ 112-118. These additions allege that Defendant Trans Union violated the FCRA by improperly releasing Plaintiff's credit information to third parties in violation of 15 U.S.C. § 1681b(a)(3). This specific statutory reference did not appear as to Trans Union in *Campbell I*.

**II.   Discussion**

Defendant Trans Union argues that the new allegations added to the Complaint in *Campbell II* should be stricken because she had no authority to amend the *Campbell II* Complaint without leave of Court. In addition, Trans Union argues that it will be unfairly

2

burdened by the amendment. Further, the Scheduling and Jury Trial Order in the present action requires that any motion to amend the pleadings must be filed by May 15, 2009 [Doc. # 13].

Plaintiff Campbell opposes this motion, stating that the amended complaint alleges no new claims; rather, the additional allegations now stated in the Amended Complaint in *Campbell II* merely allege additional facts to support its claims in the original Complaint [Doc. # 79].

The Court finds that in her First Amended Complaint Plaintiff refines her claims and requests for relief rather than adding a new, separate claim. Under the federal notice pleading requirement, a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, (1957), *abrogated on other grounds*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). It is the pleaded facts, not the legal theory or conclusion that states a cause of action and places defendant on notice of plaintiff's claims. *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999).

Under these standards, Plaintiff Campbell's Complaint in *Campbell I* gave Defendant Trans Union notice that Plaintiff's claim rested on the belief that Defendant violated the FCRA. At that stage, Plaintiff did not have to delineate her legal theory or explanation for this claim, Plaintiff merely needed to plead sufficient facts to demonstrate she would be

3

entitled to relief under the FCRA. The Court determines that Plaintiff's new allegations merely expand the legal theory on which Plaintiff bases her FCRA claim on.

Furthermore, the Court determines that allowing Plaintiff Campbell to amend her Complaint is proper. Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings shall be freely given when justice so requires. Despite this, leave may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposite party. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *see also Fuller v. Secretary of Defense*, 30 F.3d 86, 88 (8th Cir. 1994). Federal Rule of Civil Procedure 15(a)(2) requires parties to request leave of the court for amendments to pleadings that occur after a responsive pleading is filed. The Eighth Circuit has ruled that it is inappropriate to grant leave to amend the complaint where the requesting party has not submitted a proposed amendment to the court. *Wolgin v. Simon*, 722 F.2d 389, 394 (8th Cir. 1983). Here, while the Court gave leave to add Trans Union as a party, the Court did not give leave to amend the Complaint to add additional claims or to amend the substance of Plaintiff Campbell's allegations against Defendant Trans Union.

In *Semrad v. Dooley*, the District Court of South Dakota allowed plaintiff to amend the complaint after plaintiff failed to formally motion the court for leave to amend where plaintiff's new claims, allegations and statements arose from the same facts as the original pleading. No. 08-4151, 2009 WL 700203 (D.S.D. Mar. 17, 2009). *See also Griggs v.*

*Norris*, No. 5:04cv442, 2006 WL 1094561 (E.D. Ark. 2006) (granting motion to amend complaint where Plaintiff filed amended complaint rather than motioning for leave to amend the complaint). Here, Plaintiff Campbell's new allegations also arise from the same facts as her *Campbell I* Complaint. Furthermore, if Plaintiff Campbell had followed the appropriate protocols under Federal Rule of Civil Procedure 15(a) and had properly motioned the Court for leave to amend the complaint to not only add Defendant Trans Union as a party but to also clarify Plaintiff's allegations against Defendant, the Court would have granted it.

Based on these considerations, the Court denies Defendant's Motion to Strike. [S]triking a pleading is an "extreme and disfavored measure[,]" and a motion to strike is improper when the material to be stricken "might serve to achieve a better understanding of the plaintiff's claims for relief or perform some other useful purpose in promoting the just and efficient disposition of the litigation." WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed. 2004)**.**

Defendant argues that they will be prejudiced by any amendment to the pleading because they had already filed a Motion for Summary Judgment in *Campbell I* based on Plaintiff's allegations in that case. In the Order granting Plaintiff's voluntary dismissal of Defendant from *Campbell I* the Court explicitly stated that the dismissal was conditioned on Defendant's ability to refile its *Campbell I* Summary Judgment Motion in the *Campbell II* litigation [*Campbell I*, Doc. # 109]. Furthermore, pursuant to a discovery dispute conference held on September 15, 2009, the Court has ordered the discovery deadline extended to

November 23, 2009, with dispositive motions due by January 10, 2010. Thus, Defendant Trans Union has additional time to amend its original summary judgment motion to include these issues. Defendant Trans Union will also not be prejudiced by these additions because they are grounded in the same facts which Defendant Trans Union was already aware of. It is in the interest of justice that this case be resolved on the merits rather than procedural disputes, especially given the complex interrelations of the parties. Thus, despite Plaintiff's technical noncompliance with the Federal Rules of Civil Procedure, the Court will not strike the Amended Complaint.

### III. Conclusion

Accordingly, it is hereby ORDERED that Defendant Trans Union's Motion to Strike [Doc. # 61] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 2, 2009
Jefferson City, Missouri